| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

JOHN DOE,

         Plaintiff,  **MEMORANDUM & ORDER**

– against –

             19-cv-02758 (ERK) (VMS)

THE CITY OF NEW YORK,

        Defendant.

KORMAN, *J.*:

  Plaintiff is a former Probationary Correction Officer who was terminated without explanation by the New York City Department of Correction ("DOC") on March 6, 2019. Mem. Supp. Pl.'s Mot. Prelim. Inj. Ex. 5, ECF No. 6-3. When plaintiff later sought unemployment benefits from the New York State Department of Labor ("DOL"), his application was denied. Ex. 7. DOL explained that he was ineligible to receive benefits because he was discharged by DOC for misconduct after DOC determined that he had engaged in sexual harassment, failed to perform duties, falsified a log book, and made a false statement during an interview with officials investigating this alleged wrongdoing. Ex. 4, 7. Plaintiff denied the accusations, but DOL determined that plaintiff's "denial [was] not credible based on information received." Ex. 10.

  Plaintiff sued the City in state court and here challenging the circumstances of his termination under 42 U.S.C. §§ 1983 and 1985(3). See Compl. ¶¶ 47–89, ECF No. 5; Aff. Leo Ernst Opp'n Mot. Prelim. Inj. Ex. A, B.

1

Plaintiff now seeks a preliminary injunction "(1) barring Defendant and its agencies from making any claims of Mr. Doe's alleged misconduct while employed by Defendant, and (2) barring Defendant and its agencies from recording on any personnel record, any claims of Mr. Doe's alleged misconduct while employed by Defendant." Pl.'s Mot. Prelim. Inj., ECF No. 6.

**DISCUSSION**

A party seeking a preliminary injunction must establish "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks omitted) (citing *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011). Except in extraordinary circumstances, an injunction is unavailable when there is an "adequate remedy at law, such as money damages." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510–11 (2d Cir. 2005). A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139–40 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Irreparable harm is "perhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotation marks and citations omitted). To show irreparable harm, the party seeking injunctive relief must show that "there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide

adequate compensation." *Id*. (internal quotation marks omitted). Moreover, the harm must be "actual and imminent, not remote or speculative." *Id*.

Plaintiff requests injunctive relief because he fears the consequences of the City's further disclosing the reasons for his termination. Specifically, plaintiff claims that DOC's allegations are "damning to plaintiff's reputation and future prospects to work as a member of the law enforcement community," and will "preclude plaintiff from a substantial amount of community activities, (e.g., a run for office)." Pl.'s Mem. Supp. Mot. Prelim. Inj. 7–8, ECF No. 6-1.

Plaintiff's request for injunctive relief is without merit, largely for the reasons set forth in the Memorandum of Law filed by the City. I focus on two of those reasons here. First, plaintiff has disclosed and placed on the public record the very circumstances of his discharge that he seeks to enjoin the City from disclosing. These disclosures were made in filings in the cases plaintiff has filed in state court and in his filings in this case. Second, "the injuries that generally attend a discharge from employment—loss of reputation, loss of income and difficulty in finding other employment—do not constitute the irreparable harm necessary to obtain a preliminary injunction." *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992) (citing *Sampson v. Murray*, 415 U.S. 61, 89–92 (1974)); *see also Moore*, 409 F. 3d at 511; *Holt v. Continental Grp.*, 708 F.2d 87, 90–91 (2d Cir. 1983). The Supreme Court has held that such a showing "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." *Sampson*, 415 U.S. at 91–92. This is true even where, as here, the terminated employee claims "that spurious and unrebutted charges against [him] might remain on the record." *Sampson*, 415 U.S. at 88–89. Moreover, money damages would adequately compensate plaintiff for his alleged injuries should he prevail on the merits of his claim. *See Piercy v. Fed. Reserve Bank of N.Y.*, 2003 WL 115230 at *6 (S.D.N.Y. Jan. 13, 2003) (holding "loss of continued

employment and [] continuing damage to reputation . . . are not irreparable injuries" and "can be redressed by monetary damages"); *cf. Ahmad v. Long Island Univ.*, 18 F. Supp. 2d 245, 248–49 (E.D.N.Y. 1998) (denying preliminary injunction where terminated employee could ultimately "be awarded his back pay, front pay, [and] the value of any lost benefits or earnings"); *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 239 F.3d 172, 176 (2d Cir. 2001) (holding "injunctions should not ordinarily issue in defamation cases" because "libels may be remedied by damages"). Plaintiff's alleged injury therefore does not constitute irreparable harm.

## CONCLUSION

Plaintiff's motion for injunctive relief is DENIED.

**SO ORDERED**.

*DRAFT*

Brooklyn, New York
January 3, 2020

Edward R. Korman
United States District Judge